**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Floyd Ray PHILLIPS, Defendant-
Appellant.**

No. 73-1247.

United States Court of Appeals,
Ninth Circuit.

Aug. 6, 1973.

Charles A. Schaaf (argued), Seattle, Wash., for defendant-appellant.

Irwin Schwartz, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Laurence B. Finegold, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

This case involves the nondisclosure of alleged Jencks Act material, in Phillips' trial for bank robbery.

The government called a witness named Pechac who testified that during a time period when he bought stolen goods from the defendant, he had a meeting with defendant at which time the defendant asked Pechac's help in an attempt to recover the bank robbery proceeds from a man named Lynch. Pechac had signed receipts for payments made to him by the Federal Bureau of Investigation, including one made to him on the day he gave the Federal Bureau of Investigation the information about which he testified at trial. These receipts were not given to defense counsel as Jencks Act statements, and Pechac was not cross-examined for interest on these grounds.

Defense counsel argues that had he known of these receipts, he could have impeached Pechac's testimony, thus making the government's chances of conviction less likely. Defense counsel moved to strike Pechac's testimony. His motion was denied. His motion for a new trial was also denied.

 The government concedes that "receipts" may qualify as statements under the Jencks Act, 18 U.S.C., Sec. 3500 (e), if they meet the further requirement of subsection (b), i. e. they must be statements which relate to the subject matter as to which the witness has testified. Killian v. United States, 368 U.S. 231, 242, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961). In light of the fact that the witness Pechac was paid on the same day he gave information on this case, the receipts probably should have been produced and the jury allowed to decide whether or not the receipts "related" to Pechac's direct testimony. The failure to require production of the receipts, however, was harmless for the following reasons: (1) As was found by the trial court in denying the motion for a new trial "It is clearly established by the record that the defendant had independent information which indicated the witness had been a police informant. This information was available prior to the time of the witness' testimony." (2) Although the defense was aware of Pechac's activity as an informant, defense counsel chose not to use this information to impeach Pe-

---

* Honorable W. D. Murray, Senior United States District Judge, District of Montana, sitting by designation.

chac's credibility on cross-examination. (3) The trial judge instructed the jury "I will further state that the witness, Hubert Michael Piechek (sic), has been paid by the United States for information provided in other cases. You may consider that to be a proven fact." (4) The government submitted an affidavit of F.B.I. agent Stephen Chenoweth in which Mr. Chenoweth states that prior to this trial, Pechac had been paid by the F.B.I. twice for information provided. The affidavit states that the information for which he was paid was unrelated to *this* case. Since the defense has offered nothing to contradict this and since the jury was instructed concerning payoffs in *other* cases, any value the receipts would have would be cumulative. (5) Pechac's testimony was not crucial to the government's case. He testified about some incriminating statements made to him by the defendant. As such, his testimony was corroborative of the key witness and accomplice, Thomas Lynch, and the witness Karen Lolley. A similar case of harmless error in regard to the nonproduction of Jencks Act material was presented to the 8th Circuit Court. That court, in Kane v. United States, 431 F.2d 172, 175 (8th Cir. 1970), stated: "Assuming arguendo, that there was in fact a Section 3500 statement made, there is no rational basis for holding that appellants were prejudiced by the failure of the court to order its production. The testimony of witness Holmes was cumulative at best. It was not crucial or vital to the Government's case. Appellants were positively identified by other witnesses—Kane by six, Wilson by five. Here, if ever, the harmless error rule, applicable as it is to § 3500, must be invoked."

Phillips argues that the trial judge unduly restricted his cross-examination of Pechac. The testimony that appellant sought to elicit was collateral, and there was substantial other evidence admitted which tended to impeach Pechac. Under these circumstances, the judge's curtailment of the cross-examination was not an abuse of discretion.

See United States v. Carrion, 9 Cir., 1972, 463 F.2d 704, 707; Enciso v. United States, 9 Cir., 1967, 370 F.2d 749, 751.

Affirmed.